## BUZZELL v. NORRIS.

### (Circuit Court, D. Massachusetts. February 18, 1897.)

PATENTS—INVENTION—ANTICIPATION—ABRADING DISKS.

The Buzzell patent, No. 317,622, for an abrading disk for polishing the breast of boot and shoe heels, discloses a patentable combination, and was not anticipated by the Rogers patent, No. 227,839, or the Andrén patent, No. 238,201.

This was a suit in equity by John G. Buzzell against Thomas A. Norris for alleged infringement of the Buzzell patent, No. 317,622, for a device for smoothing the breast of boot and shoe heels.

Charles A. Taber, for complainant.
James E. Maynadier, for defendant.

ALDRICH, District Judge. The patent in question was before me in Buzzell v. Walker (79 Fed. 328), in March, 1894, and was sustained upon the evidence presented in that case. The evidence there did not include the Rogers patent, No. 227,839, or the Andrén, No. 238,201. These patents are older, and are now presented for the first time, and urged as anticipatory devices. The defendant, however, does not place much stress upon the Andrén patent, and its apparent lack of design to do the work intended to be accomplished by the plaintiff's device renders it unnecessary for me to refer to that at any great length. The Rogers device is urged with earnestness, and the defendant relies upon it as involving all the substantial and essential elements of the patent in suit. An examination of the Rogers invention persuades me that it does not contain the substantial elements of the Buzzell device. It did not contemplate work upon the breast of the heel. Its intended function was to operate on the flat or bottom surfaces, and ended at the junction of the sole and heel; it had no provision or design for carrying the abrasive or scouring material to the beveled peripheral face, so as to be operated on the surface oblique to the axis; and it had no practical means for accomplishing this result. Indeed, the particular means described for holding the emery cloth, or other abrasive material, on the bottom of the tool where a union is to be made at the base thereof, by sewing the abrasive material to an annular shaped piece of leather or skin, which latter material is to be carried forward or over the periphery to the conic frustum by which it was to be secured and the abrasive material thereby held in place at the bottom, shows that the inventor understood that the abrasive material and its work was limited to the base, or, in other words, to the large end, of the conic form. This view is stated even stronger than this at line 78 of the Rogers specification, where the abrasive material is referred to in the following words, viz.: "A circular bottom piece, f, made of emery-cloth or other abrasive material"; thus clearly showing that the inventor limited his abrasive material to the bottom, or large end, of the tool, and understood that it was to cover nothing more. It may at first seem that the Rogers device provided means for abrasive work on the peripheral surface, in this: that the abrasive material might be carried over the periphery and under the conic frustum, and there secured or held in place; but this was not designed, and would not be practical, for the reason that, as the material is drawn in under the frustum, at the small end of the form (needed to secure the bevel shape necessary to work upon the concave surface of the breast of the heel), the abrasive material would pucker, and present an uneven surface, thereby rendering it unsuitable for smooth-

ing purposes. The evidence clearly shows the necessity for a tool propelled by machinery, which should successfully operate upon the concave surface of the breast of the heel, and also shows the entire absence of anything in the trade which would do that work, although repeated efforts had been made to that end. As was said in Buzzell v. Walker:

"This work was previously done by sandpaper held in the hand, and, to be done satisfactorily, required considerable time. I think the mechanism involved in the plaintiff's device produces a combination not anticipated by prior art, and, when carried forward to a machine attached to a revolving shaft, becomes a practical and useful piece of machinery * * * in the manufacture of boots and shoes."

An abrading disk manufactured in accordance with the Buzzell claim with a cushioned peripheral face oblique to its axis is manifestly a tool of considerable utility, and is so understood by the trade. The concaved surface of the breast of the heel adjusts itself readily to the beveled revolving surface of the abrading disk, and the work of smoothing and polishing is rapidly and satisfactorily accomplished. The hinge and fastening involved in the Buzzell tool, though not accepted as amounting to novelty, is a convenient and useful part of the mechanism involved in the combination, and the circumferential guard of the Buzzell is a decided improvement upon the conic frustum of the Rogers, when considered in connection with abrasive material to be held on a beveled revolving surface. Taken altogether, I think the plaintiff's combination involves sufficient novelty and invention to entitle it to protection, and I further find that the defendant has infringed plaintiff's rights. Let an injunction issue in accordance with these views, and, unless an accounting is waived, let there be a decree for an accounting.